UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:07-CR-190-F-1

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>v. )<br>)<br>TRAVIS SPEIGHT, )<br>                         Defendant. ) | ORDER |

This matter is before the court on the *pro se* "Motion for Reduction of Sentence" [DE-36] filed by defendant Travis Speight ("Speight").

## I. PROCEDURAL AND FACTUAL HISTORY

Speight pleaded guilty pursuant to a Memorandum of Plea Agreement [DE-17] to Count Two of a two-count indictment. Count Two charged Speight with being a Felon in Possession of a Firearm; Count One, which was dismissed at sentencing, charged Speight with distribution of a quantity of cocaine. Speight was sentenced on January 23, 2008, to a term of 115 months, followed by three-year term of supervised release. Speight did not appeal his sentence, but did file a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [DE-22; DE-25]. In an order filed on April 15, 2009, this court allowed the Government's Motion to Dismiss [DE-27] Speight's § 2255 motion. Speight now moves, pursuant to 28 U.S.C. § 2241, for a reduction of his sentence, arguing that Amendment 742 to U.S.S.G. § 4A1.1, which took effect in November 2010, should be applied to his sentence. Amendment 742 eliminated what has been referred to as "recency" points from the calculation of a defendant's criminal history.

## II. ANALYSIS

At the outset, the court notes that Speight's motion cites 28 U.S.C. § 2241 as the source of the authority which would allow the court to modify his sentence in the manner he requests. A petition for habeas corpus under § 2241, however, is a "vehicle for challenging the execution, not the validity of the sentence." *Atehortua v. Kindt*, 951 F.2d 126, 130 (7th Cir. 1991). Here, Speight does not challenge the execution of his sentence; rather, he seeks a modification of his sentence. Section 2241, therefore, is not a proper vehicle for his motion.

Generally, a district court has the authority to modify a term of imprisonment, which is a final judgment, only in limited circumstances. *See* 18 U.S.C. §§ 3582(b), (c). Specifically, a district court may modify a term of imprisonment only where "the Bureau of Prisons moves for a reduction [under certain extraordinary circumstances or where a defendant has reached 70 years of age and has served at least 30 years in prison], the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 *expressly* permits the court to do so." *U.S. v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010)(emphasis in original)(citing 18 U.S.C. § 3582(c)). Unfortunately for Speight, none of the circumstances is applicable here.

First, the Bureau of Prisons has not moved for a reduction in Speight's sentence, and accordingly, the first circumstance does not apply to this case. *See* § 3582(c)(1)(A). Nor does the second circumstance apply in this case. Specifically, Section 3582(c)(2) provides that a "modification of an imposed term of imprisonment" is permissible for a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been lowered . . . if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The applicable policy statement can be found in

2

U.S.S.G. § 1B1.10(a), which provides:

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual *listed in subsection (c) below*, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). *If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582 is not consistent with this policy statement and thus not authorized.*

*Id.*(emphasis added). Here, the guideline amendment upon which Speight relies, Amendment 742, is not listed in U.S.S.G. § 1B1.10(c). Accordingly, this court cannot rely on § 3582(c) as a basis of authority to reduce Speight's sentence. *See United States v. McHan*, 386 F.3d 620, 622 (4th Cir. 2004)(explaining that only amendments listed in § 1B1.10(c) may be the subject of a motion under 18 U.S.C. § 3582(c)(2)). *See also United States v. Boone*, No. 3:08-CR026, 2010 WL 4853289 at **1-2 (E.D. Va. Nov. 23, 2010)("Since Amendment 742 is not 'expressly listed in U.S.S.G. § 1B1.10(c),' the Court has no authority to apply the amendment and reduce the defendant's sentence.").

Nor is the third circumstance–a federal statute expressly permitting the court to modify a sentence–seemingly applicable here. *See* 18 U.S.C. § 3582(c)(1)(B)("[T]he court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."). Speight cites to no statute which would allow this court to modify his sentence in the manner he suggests. Speight is incorrect in asserting that Amendment 742 is retroactively applicable to him.

Because this court has no authority to reduce Speight's sentence, his "Motion for Reduction of Sentence" [DE-36] is DENIED.

3

## III. CONCLUSION

The court, at this time, has no authority to modify Speight's sentence. Consequently, Speight's "Motion for Reduction of Sentence" [DE-36] is DENIED.

SO ORDERED.

This the _30th_ day of March, 2011.

                                                    *James C. Fox*
                                                    James C. Fox
                                                    Senior United States District Judge